# EXHIBIT D

# SEC CONSENT ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VENULUM LTD., VENULUM INC., AND GILES CADMAN,<br><br>Defendants. | C.A. No. 3:12-CV-477-N |

**FINAL JUDGMENT AS TO DEFENDANT VENULUM LTD.**

The Securities and Exchange Commission having filed a Complaint and Defendant Venulum Ltd. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any

      means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Signed February 27, 2012.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>VENULUM LTD., VENULUM INC., AND<br>GILES CADMAN,<br><br>　　　　　　　　　　　　　　Defendants. | C.A. No. 3:12-CV-0477-N |

**FINAL JUDGMENT AS TO DEFENDANT GILES CADMAN**

The Securities and Exchange Commission having filed a Complaint and Defendant Giles Cadman ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

　　　　(a)　　Unless a registration statement is in effect as to a security, making use of

any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Signed February 27, 2012.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE



Home | Previous Page

**U.S. Securities and Exchange Commission**

## U.S. SECURITIES AND EXCHANGE COMMISSION

Litigation Release No. 22258 / February 15, 2012

*Securities and Exchange Commission v. Venulum Ltd., et al.*, Civil Action No. 3:12-cv-00477-N (N.D. Tex. February 15, 2012)

### SEC Charges Venulum with Registration Violations in Connection with Offerings of Wine Contracts and Promissory Notes

The Securities and Exchange Commission today charged two non-U.S. companies — Venulum Ltd. (a British Virgin Islands company) and Venulum Inc. (a Canadian company) — and their owner and chairman Giles Cadman (a resident of the United Kingdom), with registration violations in connection with unregistered offers and sales of promissory notes and interests in fine wines. The Commission's suit, filed in Dallas federal court, alleges that, beginning in 2002, Venulum made unsolicited calls to American investors, primarily dentists, to solicit investments in interests in trading in fine wines to be managed by Venulum. Venulum's solicitation highlighted its purported expertise in selecting, sourcing, storing and marketing fine wines for the benefit of investors. Then, starting in 2010, Venulum solicited 94 of its wine investors to purchase high-interest promissory notes. Neither of the offerings was registered with the Commission.

Without admitting or denying the Commission's allegations, the defendants consented to permanent injunctions against violating Sections 5(a) and 5(c) of the Securities Act of 1933. The injunction is subject to court approval.

The Commission acknowledges the assistance of the Texas State Securities Board.

http://www.sec.gov/litigation/litreleases/2012/lr22258.htm

Home | Previous Page

Modified: 02/16/2012